1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

INTERNATIONAL LONGSHORE AND
WAREHOUSE UNION,

                Petitioner,

  v.

PACIFIC MARITIME ASSOCIATION,

                Respondent.

                              /

No. C 11-05222 WHA

**SECOND ORDER POSTPONING
ENFORCEMENT OF LABOR
ARBITRATION SUBPOENA**

      Petitioner International Longshore and Warehouse Union brought this action to enforce a

labor arbitration subpoena issued by Coast Arbitrator John Kagel. On December 8, 2011, the

parties appeared for a hearing on the petition to enforce the labor arbitration subpoena. At that

time, the undersigned judge stated that a ruling on the petition to enforce the arbitration subpoena

would be postponed until the arbitrator ruled on respondent's objections. Respondent was given

two weeks to move the arbitrator to rule on the objections and was ordered to produce the

documents to which no objections were raised by noon on December 12. A further hearing was

set for 8:00 a.m. on December 22.

      Respondent filed a notice on December 9 stating that on December 8 it had requested that

the arbitrator rule on the objections to the subpoena at issue. The notice also indicated that the

arbitrator set a hearing on the objections for December 16. On December 12, respondent filed a

second notice stating that it had "produced written responses and documents to the Internal

**United States District Court**
For the Northern District of California

1    Longshore Workers Union [sic], with regard to categories of request to which there were no

2    objections, in response to the subpoena issued on September 14, 2011" (Dkt. No. 27 at 2).

3         Last night, petitioner filed a notice indicating that it had withdrawn and modified the

4    requests to which respondent objected, and as a result, the parties agreed that respondent's

5    objections were moot (Dkt. No. 28 at 2).  At the hearing today, the parties informed the Court that

6    they did not appear before the arbitrator on December 16, as had been scheduled, because they

7    had reached an agreement that the objections were moot.  Still, petitioner requested that the

8    undersigned confirm and enforce the arbitration subpoena.

9         This Court will not enforce the arbitration subpoena absent a ruling by the arbitrator on

10   the subpoena *he* issued.  Petitioner must go to the arbitrator and request a ruling from him.  If

11   petitioner believes respondent has not produced all of the requested documents, then petitioner

12   must also raise that issue with the arbitrator.  Then, once the arbitrator makes a ruling, the

13   undersigned will enforce it, having the benefit of the ruling of the arbitrator who issued the

14   subpoena and is familiar with the facts at issue.

15        A further hearing is set for **3:00 P.M. ON JANUARY 26, 2012.**  Petitioner must go to the

16   arbitrator and obtain a ruling on the arbitration subpoena *prior* to the hearing date.  The petitioner

17   shall file a copy of the ruling with the court no later than **NOON ON JANUARY 25**.

18

19        **IT IS SO ORDERED.**

20

21   Dated:  December 22, 2011.

22                                                WILLIAM ALSUP
                                                 UNITED STATES DISTRICT JUDGE
23

24

25

26

27

28